**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand seventeen.

PRESENT: DENNIS JACOBS,
         ROBERT D. SACK,
                        Circuit Judges,
         PAUL A. ENGELMAYER,
                        District Judge.[1]

- - - - - - - - - - - - - - - - - - - -X
IN RE DREIER LLP,
         Debtor.


COSMETIC PLUS GROUP LTD, ROBIN BARTOSH,
TOBY BARTOSH,
         Claimants-Appellants,

         -v.-                                    16-2827

SHEILA M. GOWAN, in her capacity as Plan
Administrator for Dreier LLP,
         Appellee.

---

[1] Judge Paul A. Engelmayer, United States District Judge for the Southern District of New York, sitting by designation.

- - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANTS:**                    HOWARD M. FILE, Staten Island, NY.

**FOR APPELLEE:**                      BRENDAN M. SCOTT, Klestadt Winters
                                       Jureller Southard & Stevens, LLP,
                                       New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Cosmetics Plus Group Ltd. ("CPG") and its secured creditors, Robin Bartosh and Toby Bartosh, appeal from the judgment of the United States District Court for the Southern District of New York (Swain, J.), which affirmed the order of the Bankruptcy Court for the Southern District of New York (Bernstein, J.) granting the plan administrator's objections and reclassifying as unsecured claims the proofs of claim filed by appellants. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This appeal arises in the bankruptcy of the law firm Dreier LLP, but it stems from the 2001 bankruptcy of one of that firm's clients, CPG, which in 2003 filed an adversary proceeding against its insurer. That suit settled, and in March 2008 the insurer issued a check for $350,000 to Dreier LLP, as attorneys for CPG. These funds were deposited in an attorney trust account that commingled client funds with operating funds—as well as the proceeds of attorney Mark Dreier's note-fraud scheme. By mid-August 2008, the account was depleted and had a negative balance.

In October 2008, the bankruptcy judge in the CPG bankruptcy dismissed the proceeding and directed CPG to pay various expenses and fees and distribute the remaining cash to secured creditors Robin and Toby Bartosh. By that time, the Dreier LLP account had been replenished. However, no money was paid to the Bartoshes out of the Dreier LLP trust account. On December 2, 2008, Mark Dreier was arrested. Dreier LLP partners Paul Traub

and Steven Fox (who represented CPG) consulted the firm about releasing client funds, and on December 4, 2008, Dreier LLP transferred $441,145.58 to an outside account—an amount that was intended to include $350,000 for CPG. After Dreier LLP filed a Chapter 11 petition (on December 16, 2008), the bankruptcy trustee requested the return of the $441,145.58, which was transferred to the trustee in February 2009.

In March 2009, CPG and Robin and Toby Bartosh filed proofs of claim in the Dreier bankruptcy, each asserting a $350,000 secured claim based upon Dreier's retention of CPG's settlement proceeds. The plan administrator objected on the ground that the proceeds had become "hopelessly commingled" with other funds and that the claims should therefore be reclassified as general unsecured claims. Following a trial, the bankruptcy court sustained the objection and reclassified the claims as unsecured. The district court affirmed.

On appeal from the district court, we make an independent and plenary review of the bankruptcy court's decision. Celli v. First Nat'l Bank, 460 F.3d 289, 292 (2d Cir. 2006). We review conclusions of law de novo and findings of fact for clear error. Id.

1. Appellants' principal argument is that the bankruptcy court (and the district court) erred by holding that Dreier LLP's December 4, 2008, transfer of funds to an outside account was an avoidable preference under 11 U.S.C. § 547(b). That bankruptcy provision allows a trustee to avoid any transfer (i) of property of the debtor, (ii) made for benefit of a creditor, (iii) for an antecedent debt, (iv) while the debtor was insolvent, (v) within 90 days of filing for bankruptcy, (vi) allowing the creditor to receive more than it would receive in Chapter 7 liquidation if the transfer had not been made.

The bankruptcy court held that all elements were satisfied and that the December 4 transfer was therefore properly avoided. Appellants argue that the transferred funds were never the "property of the debtor," but were instead held in trust for CPG as proceeds of litigation settlement. We disagree.

It is not disputed that in March 2008 Dreier LLP received $350,000 of settlement proceeds to be held in trust for CPG.

3

But Dreier failed to honor that obligation: the bankruptcy court found that, by mid-August 2008, the account into which those funds were deposited had a negative balance. That finding is supported by bank records and is not clearly erroneous. It follows that well before the December 1 transfer, the settlement proceeds had been converted, and were gone. Although CPG was injured by this dissipation of funds, and has a claim for its injury, that claim is not for a traceable res. The funds that later replenished the Dreier LLP account and which were transferred on December 4 to satisfy the debt to CPG are not traceable to CPG's settlement proceeds. They are from other sources, and were at the time of the transfer Dreier LLP's property. Appellants have no greater right to those particular funds than other unsecured creditors.

All of the § 547(b) elements are satisfied, and Dreier LLP's December 4 transfer was an avoidable preference. We find no error in the holding of the bankruptcy court and district court.

**2.** Appellants argue that the bankruptcy and district courts should have imposed a constructive trust on what they characterize as "the settlement funds transferred" on December 4, 2008. This argument fails for the reason already discussed. "It is hornbook law that before a constructive trust may be imposed, a claimant to a wrongdoer's property must trace his own property into a product in the hands of the wrongdoer." United States v. Benitez, 779 F.2d 135, 140 (2d Cir. 1985). Appellants mischaracterize the December 4 transfer as being a transfer of the settlement funds. By mid-August 2008, the settlement funds had been dissipated. No part of the funds transferred on December 4 was traceable to them. Those funds are properly a part of Dreier LLP's estate, subject to the claims of all of its creditors; imposing a constructive trust would merely advantage appellants at the expense of other creditors.

Accordingly, and finding no merit in appellants' other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4